UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON A. GIESER, AS TRUSTEE OF THE ALLAN HOUSE OF GIESER TR DATED FEBRUARY 7, 2022<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>Defendant. | Case No. 3:23-cv-06192-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS AND ORDERING PLAINTIFF AND PLAINTIFF'S COUNSEL TO SHOW CAUSE**<br><br>Re: Dkt. No. 11 |

Jason A. Gieser, as Trustee of "The Allan House of Gieser TR Dated February 7, 2023" ("the Trust"), challenges the 2023 foreclosure sale of the property located at 6465 Green Castle Circle, Discovery Bay, CA 94505. Plaintiff asserts Freedom Mortgage Corporation ("Freedom") failed to properly consider the Trust for foreclosure prevention alternatives prior to completing the foreclosure sale. Now pending before the Court is Freedom's motion to dismiss. (Dkt. No. 11.)[1] The Court scheduled oral argument for February 15, 2024 by video, but Plaintiff did not appear. So, to give Plaintiff the opportunity to orally defend his complaint, the Court continued oral argument to February 22, 2023, again by video. And again Plaintiff did not appear. The Court thus decides the motion on the papers.

Having carefully considered the briefing, the Court GRANTS Defendant's motion with leave to amend. As all the conduct of which Plaintiff complains occurred before Plaintiff, a trust, took ownership of the property, Plaintiff Trust has not plausibly alleged any claim. Further, given Plaintiff's failure to appear at the original oral argument and the continued argument, Plaintiff is

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

ORDERED TO SHOW CAUSE why this action should not be dismissed for a failure to prosecute.

**BACKGROUND**

Gieser, as an individual, purchased 6465 Green Castler Circle, Discovery Bay, CA 94505 in 2009. (Dkt. No. 1-1 ¶¶ 1, 15.) On or around September 18, 2020, Gieser, again acting in his individual capacity, obtained a mortgage loan on the property from Freedom in the amount of $251,671. (*Id.* ¶¶ 1, 9; Dkt. No. 1-1 at 17.) The deed of trust indicates "Quality Loan Service, Corp." is the trustee. (*Id.* at 18.) The deed of trust provides "Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located." (*Id.* at 32.)

On July 18, 2022, a Notice of Default and Election to Sell Under a Deed of Trust was recorded in the Contra Costa County, California Recorder's Office. (*Id.* ¶ 12; Dkt. No. 1-1 at 44.) The recording was requested by "Nestor Trustee Services, LLC" ("Nestor") and listed Nestor as the trustee for the property. (Dkt. No. 1-1 at 44-46.) At the time of default, Gieser was $8,998.04 delinquent on payments. (*Id.* at 44, Dkt. No. 1-1 at 52-53.)

On February 16, 2023, a Notice of Trustee's Sale was recorded against the property. (*Id.* ¶ 13.) Nestor was listed as the trustee for the property. (Dkt. No. 1-1 at 49-50.) The date of the sale was scheduled for March 28, 2023, though this date was later continued. (*Id.* a 49.)

On July 10, 2023, Jason Gieser granted title of the property from himself, in his individual capacity, to "Gieser Jason-Allan Ttee, as Trustee of the ALLAN HOUSE OF GIESER TR dated February 7, 2023. (*Id.* ¶ 14.) The property was sold at a non-judicial foreclosure sale on October 10, 2023. (*Id.* ¶ 13.)

Plaintiff brings seven[2] causes of action against Freedom: (1) violation of California Civil Code § 2923.5 for failing to notify the homeowner about possible foreclosure and to wait 30 days after notice to record a notice of default; (2) violation of California Civil Code § 2924(a)(1) for

---

[2] In the caption, Plaintiff asserts eight causes of action, including "Violation of Civ. Code § 2924.10." (Dkt. No. 1-1 at 5.) However, in the body of the complaint, Plaintiff does not assert any claim based on California Civil Code § 2924.10, and Plaintiff does not otherwise defend this claim in his opposition. So, this claim is DISMISSED.

2

1  lack of authority to foreclose on property; (3) violation of California Civil Code § 2924.9 for
2  failure to provide homeowner with foreclosure alternatives; (4) negligence; (5) wrongful
3  foreclosure; (6) violation of California Business and Professions Code § 17200, *et seq.*; and (7)
4  cancellation of written instruments, California Civil Code § 3412.

## DISCUSSION

Plaintiff alleges his property was sold at a non-judicial foreclosure sale.  "A nonjudicial foreclosure sale is a quick, inexpensive, and efficient remedy against a defaulting debtor/trustor." *Ram v. OneWest Bank, FSB*, 234 Cal. App. 4th 1, 10 (2015) (cleaned up).  "To preserve this remedy for beneficiaries while protecting the rights of borrowers," the California Civil Code "provide[s] a comprehensive framework for the regulation of a nonjudicial foreclosure sale." *Id.* (quotation marks and citations omitted).

Pursuant to this statutory scheme, "[u]nder a deed of trust, the trustee holds title and has the authority to sell the property in the event of a default on the mortgage." *Id.* "To initiate the foreclosure process, the trustee, mortgagee, or beneficiary, or any of their authorized agents must first record a notice of default." *Id.* "After three months, a notice of sale must then be published, posted, mailed, and recorded in accordance with the time limits prescribed by the statute." *Id.*

## I. CAL. CIV. CODE § 2923.5 (FIRST CAUSE OF ACTION)

Plaintiff's first cause of action alleges a violation of California Civil Code § 2923.5, a provision of California's Homeowner Bill of Rights, California Civil Code § 2923.4, *et seq.*, which ensures "as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer, such as loan modifications or other alternatives to foreclosure." Cal. Civ. Code § 2923.4.  As used in the Homeowner Bill of Rights, "'borrower' means any natural person who is a mortgagor or trustor and who is potentially eligible for any federal, state, or proprietary foreclosure prevention alternative program offered by, or through, his or her mortgage servicer." Cal. Civ. Code § 2920.5.

Section 2923.5 requires any "mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent" to meet certain requirements before "record[ing] a notice of default." Cal. Civ.

3

Code § 2923.5(a)(1). Specifically, the "mortgage servicer shall contact the borrower in person or by telephone." Cal. Civ. Code § 2923.5(a)(2). Plaintiff asserts Plaintiff received no notice of default and therefore Defendant "failed to satisfy the requirements of Civ. Code § 2923.5(a)(2) before recording a Notice of Default." (Dkt. No. 1-1 ¶¶ 22-23.)

"Section 2924.19 [] provides an express private right of action for material violations of section 2923.5." *Billesbach v. Specialized Loan Servicing LLC*, 63 Cal. App. 5th 830, 845 n.7 (2021); *see also* Cal. Civ. Code § 2924.19(a)-(b). Specifically:

> After a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, beneficiary, or authorized agent **shall be liable to a borrower** for actual economic damages . . . resulting from a material violation of Section 2923.5 . . . by that mortgage servicer, mortgagee, beneficiary, or authorized agent where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale.

Cal. Civ. Code § 2924.19(b) (emphasis added).

Plaintiff lacks statutory standing to sue under California Civil Code § 2924.19(b). Statutory standing, sometimes referred to as "prudential standing," asks "whether the statute grants the plaintiff the cause of action that he asserts." *Bank of Am. Corp. v. City of Miami, Fla.*, 581 U.S. 189, 196–97 (2017). "[L]ack of statutory standing requires dismissal for failure to state a claim." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). Plaintiff—a trust—is not a "borrower" because Plaintiff is not a "natural person," so Plaintiff cannot sue under California Civil Code § 2924.19. *See Price, Tr. of Joyce A. Childress Tr. of 2004 v. Grand Bank for Sav., FSB*, No. 18-CV-440-LAB (NLS), 2019 WL 1767895, at *2 (S.D. Cal. Apr. 22, 2019) (holding the plaintiff "is not eligible for [California's Homeowner Bill of Rights'] protections because the property at issue is owned by a trust and not a 'natural person'"). As one court has explained: California's Homeowner Bill of Rights "is a recently enacted statute, and its drafters were no doubt well aware of many homeowners' decisions to manage their property in trusts. Nonetheless, those drafters elected to specifically exclude non-natural persons from protection under [the Homeowner Bill of Rights]." *Brown v. CitiMortgage, Inc.*, No. SA-CV-1600048-CJC-PLAx, 2016 WL 7507762, at *3 (C.D. Cal. Feb. 17, 2016) (holding a trust does not have statutory standing under the Homeowner Bill of Rights). While Jason Gieser, a natural person, owned the property

4

at the time the Deed of Trust, Notice of Default, and Notice of Trustee's Sale were recorded (Dkt. No. 1-1 ¶¶ 12-14), Jason Gieser, the natural person, is not the plaintiff in this case.  So, Plaintiff's claims under the Homeowner Bill of Rights must be dismissed for lack of statutory standing.

Plaintiff argues Plaintiff is a "borrower under the subject Deed of Trust" because "borrower" means "the trustor under a deed of trust" and includes "any successor-in-interest of the trustor or mortgagor to the real property security before the deed of trust or mortgage has been discharged, reconveyed, or foreclosed upon," citing California Civil Code § 2929.5(e)(1).  (Dkt. No. 13 at 6.)  Section 2929.5, which is titled "Hazardous substances; inspection by secured lender," provides "[f]or purposes of this section" a "[b]orrower" is:

> the trustor under a deed of trust, or a mortgagor under a mortgage, where the deed of trust or mortgage encumbers real property security and secures the performance of the trustor or mortgagor under a loan, extension of credit, guaranty, or other obligation. The term includes any successor-in-interest of the trustor or mortgagor to the real property security before the deed of trust or mortgage has been discharged, reconveyed, or foreclosed upon.

Cal. Civ. Code § 2929.5(e)(1).  However, Plaintiff makes no claims under Cal. Civ. Code § 2929.5, so that section's definition of borrower is irrelevant.  *See Marasigan v. Midfirst Bank*, 2023 U.S. Dist. LEXIS 85039, *7 (S.D. Cal. May 15, 2023) (holding the plaintiff's "attempts to rely on California Civil Code §[] 2929.5(e)(1)" were unavailing because "Plaintiff is not alleging a violation of California Civil Code § 2929.5, so the definition of 'borrower' for the purpose of that statute is inapplicable here. Notably, the fact that the legislature explicitly clarified that a successor-in-interest is a 'borrower' for the purposes of § 2929.5 lends further credence to the argument that the legislature did not intend for a successor-in-interest to be a 'borrower' for purposes of § 2923.5").

Plaintiff also asserts "Pursuant to Civ. Code § 2920.7(e)(l), the survivors and heirs have a right of action for violations of the Homeowner's Bill of Rights upon the beneficiary or sericer of the subject loan being notified of the death of the trustor to a Deed of Trust." (*Id.*)  However, California Civil Code § 2920.7 was repealed as of January 1, 2020—before Gieser initially mortgaged his home.  Cal. Civ. Code § 2920.7 (repealed by Stats.2019, c. 497 (A.B.991), § 27, operative Jan. 1, 2020.)  *See also Marasigan*, 2023 U.S. Dist. LEXIS 85039, *7 (explaining

"California Civil Code § 2920.7 was repealed on January 1, 2020."). So, § 2920.7(e)(l) also cannot be the basis for Plaintiff's claims.

So Plaintiff's first cause of action is DISMISSED.

## II.  CAL. CIV. CODE § 2924(A)(1) (SECOND CAUSE OF ACTION)

"Plaintiff will cease to pursue a cause of action for Violation of Civ. Code § 2924(a)(1)," (Dkt. No. 13 at 6-7), so the Court DISMISSES Plaintiff's second cause of action with prejudice.

## III. CAL. CIV CODE § 2924.9 (THIRD CAUSE OF ACTION)

Plaintiff's third cause of action alleges a violation of § 2924.9, which provides "within five business days after recording a notice of default pursuant to Section 2924, a mortgage servicer that offers one or more foreclosure prevention alternatives shall send a written communication to the borrower" including information about whether "the borrower may be evaluated for a foreclosure prevention alternative." Cal. Civ. Code § 2924.9(a).

Section 2924.12 provides an express private right of action for material violations of section 2924.9:

> (b) After a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized **agent shall be liable to a borrower** for actual economic damages, . . . resulting from a material violation of Section . . .2924.9 . . . by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale."

Cal. Civ. Code § 2924.12 (emphasis added). "Section 2924.12," which authorizes a cause of action for violations of § 2924.9, "applies only to a 'borrower.'" *Morris v. JPMorgan Chase Bank, N.A.*, 78 Cal. App. 5th 279, 297 (2022). As discussed above, in the Homeowner Bill of Rights, a "borrower" is restricted to "natural person[s]." Cal. Civ. Code § 2920.5. So, Plaintiff also lacks statutory standing to sue under Cal. Civ. Code § 2924.12.

So Plaintiff's third cause of action is DISMISSED for lack of statutory standing.

## IV.  NEGLIGENCE (FOURTH CAUSE OF ACTION)

In California, "[t]he elements of any negligence cause of action are duty, breach of duty, proximate cause, and damages." *Peredia v. HR Mobile Servs., Inc.*, 25 Cal. App. 5th 680, 687 (2018) (citing *Artiglio v. Corning Inc.*, 18 Cal. 4th 604, 614 (1998)). Plaintiff asserts Freedom

1 was negligent in violating various provisions of the Homeowner Bill of Rights and "[v]iolated
2 Title 15 U.S.C. § 1641(g) by failing to contact PLAINTIFF after recording an Assignment of the
3 Deed of Trust and notify that it is the new beneficiary of the Deed of Trust." (Dkt. No. 1-1 ¶¶ 38-
4 43.)

Plaintiff fails to plead Defendant owed Plaintiff any common law duty of care. "Duty is not universal; not every defendant owes every plaintiff a duty of care. A duty exists only if the plaintiff's interests are entitled to legal protection against the defendant's conduct." *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 920 (2022), *reh'g denied* (June 1, 2022) (cleaned up). "A duty of care may arise through statute or by operation of the common law." *Id.* (quotation marks and citations omitted). In *Sheen,* the California Supreme Court held "when a borrower requests a loan modification, a lender owes no tort duty sounding in general negligence principles to 'process, review and respond carefully and completely to' the borrower's application." *Id.* at 948. The court explained "lawmakers at both the state and federal levels have been active in regulating the mortgage loan modification process," so the court declined to create new amorphous common law duties of care related to the highly regulated mortgage servicing processes. *Id.* at 944.

Plaintiff's negligence cause of action does not directly relate to any requested loan modification, but instead asserts Defendant was negligent in failing to notify the homeowner of possible alternatives to foreclosure and Defendant "[u]sed a Trustee, Servicer, or Beneficiary that lacked legal authority to conduct the Trustee's sale." (Dkt. No. 1-1 ¶ 39.) However, Plaintiff fails to distinguish any alleged common law duty from the common law duty rejected in *Sheen*. Moreover, for the reasons discussed in *Sheen*, this Court will not create a common law duty of care that expands the duties already articulated in the statutory schemes Plaintiff cites. *See also Marcus v. Nationstar Mortg. LLC*, No. 19-56288, 2022 WL 1486831, at *1 (9th Cir. May 11, 2022) (holding a negligence claim premised on a Homeowner Bill of Rights' violation fails because, as noted by the California Supreme Court in *Sheen*, "[w]hile [California's Homeowner Bill of Rights] creates statutory duties concerning certain modification applications, it does not create a common-law duty").

7

1       Plaintiff also fails to plead Defendant owed Plaintiff Trust a statutory duty of care.
2 "[V]iolations" of the Homeowner Bill of Rights can "support a duty of care." *Warren v. PNC*
3 *Bank Nat'l Ass'n*, No. 22-CV-07875-WHO, 2023 WL 3182952, at *9 (N.D. Cal. Apr. 30, 2023);
4 *see also Marcus v. Nationstar Mortg. LLC*, No. 19-56288, 2022 WL 1486831, at *1 (9th Cir. May
5 11, 2022) ("[The Homeowner Bill of Rights] creates statutory duties concerning certain
6 modification applications.")  Plaintiff cites provisions of the Homeowner Bill of Rights Plaintiff
7 alleges Defendant violated: California Civil Code §§ 2923.5 (requiring a mortgage servicer to
8 provide borrowers with notice of default by phone or in person contact), 2924 (requiring a trustee
9 to file for record a notice of default and explaining which entities can record a notice of default),
10 2934 (specifying requirements to substitute a trustee), 2924.9 (requiring a mortgage servicer to
11 offer foreclosure prevention alternatives to a borrower), California Civil Code § 2934a(a)(1),(e) [3]
12 (specifying requirements for a trustee to be substituted and voiding sale if trustee is improperly
13 noticed).  (Dkt. No. 1-1 ¶ 39.)  However, all of the alleged violations occurred before Plaintiff, the
14 trust, took ownership of the property.  Therefore, none of these provisions support the proposition
15 Defendant owed a duty of care to Plaintiff, since Plaintiff has not explained how the actions
16 impacted Plaintiff.
17       Plaintiff's assertion Defendant was negligent because Defendant violated 15 U.S.C. §
18 1641(g) is also insufficiently pled.  Section 1641(g) mandates "not later than 30 days after the date
19 on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor
20 that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer."
21 So, Section 1641(g) regulates creditors "who are purchasers or assignees of mortgages." *Gale v.*
22 *First Franklin Loan Servs.*, 701 F.3d 1240, 1244 (9th Cir. 2012).  Section 1641(g)(2) defines
23 "mortgage loan" as "any consumer credit transaction that is secured by the principal dwelling of a
24 consumer."  Plaintiff's complaint does not allege to whom Defendant allegedly transferred or sold
25 the mortgage loan.  Plaintiff attaches the "Deed of Trust" for the property, dated September 18,

---

[3] Plaintiff cites to California Civil Code § "2934(a)(e)."  California Civil Code § 2934 does not have a subsection (a) or (e).  So, the Court proceeds by assuming Plaintiff referenced California Civil Code § 2934a(e).

2020, which indicates the "Lender" is "Freedom Mortgage Corporation" and the "Mortgage Electronic Registration Systems, Inc.," or "MERS," is "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns" and "is the beneficiary under this Security Instrument." (Dkt. No. 1-1 at 17-18.) Plaintiff also attaches an "Assignment of Deed of Trust,"[4] dated September 23, 2021, which transfers the September 2020 mortgage from "Mortgage Electronic Registration Systems, Inc., as beneficiary, as nominee for Freedom Mortgage Corporation, its successors and assigns" to "Freedom Mortgage Corporation." (Dkt. No. 1-1 at 41.) Plaintiff alleges "FMC DEFENDANT'S business practice of failing to advise homeowners in writing within 30 days that her [sic] Deed of Trust was transferred or assigned to a third party, and that it is the new owner or assignee of the debt is illegal in violation of Title 15 U.S.C. § 1641(g)." (Dkt. No. 1-1 ¶ 58.) Plaintiff's pleading is unclear as to who Plaintiff alleges Defendant transferred the Deed of Trust to and fails to make any factual allegations specific to Plaintiff. Moreover, at the time the Deed of Trust was transferred, Mr. Gieser, the individual and not the trust, owned the home. So, again, Plaintiff has failed to plead how Defendant owed Plaintiff a duty of care at the time of the alleged violation.

Plaintiff responds California Civil Code § 2924(c) "provides that certain notices must be mailed to the Grantor," but Plaintiff did not receive any such notices. (Dkt. No. 13 at 11.) Plaintiff asserts these "violations are material enough to constitute negligence and clear violation of the law" as "Defendants [sic] breached their obligation to notify Plaintiff of the foreclosure." (*Id.*) However, California Civil Code § 2924(c) does not provide any requirements as to notices, but rather establishes:

> A recital in the deed executed pursuant to the power of sale of compliance with all requirements of law regarding the mailing of copies of notices or the publication of a copy of the notice of default or the personal delivery of the copy of the notice of default or the posting of copies of the notice of sale or the publication of a copy thereof shall constitute prima facie evidence of compliance with these requirements and conclusive evidence thereof in favor of bona fide

---

[4] Plaintiff also attaches an "Assignment of Deed of Trust" document which references a mortgage executed on September 24, 2019. (Dkt. No. 1-1 at 36.) This document appears to be unrelated to Defendant, Freedom, which executed a mortgage with Plaintiff on September 18, 2020, and Plaintiff does not otherwise describe the relevance of this document.

9

purchasers and encumbrancers for value and without notice.
Cal. Civ. Code § 2924(c). So, California Civil Code § 2924(c) does not require any notice be given to Plaintiff. Instead, the provision provides "[a] recital in the deed" indicating "compliance with all requirements of law . . . constitute prima facie evidence of compliance." So, rather than creating a duty on the part of Defendant to Plaintiff, § 2924(c) provides protections for bona fide purchasers and indicates the evidentiary value of deeds. And, again, at the time of recording the notice of default, Plaintiff Trust had no interest in the property at issue.

So, Plaintiff's negligence claim is DISMISSED.

## V.   WRONGFUL FORECLOSURE (FIFTH CAUSE OF ACTION)

Plaintiff asserts Defendant wrongfully foreclosed on Plaintiff's property "based upon violations of Civ. Code §§ 2923.5, 2924(a)(1), 2934a(a)(1), 2924a(e), and 2924.9. (Dkt. No. 1-1 ¶ 45.) A wrongful foreclosure "is an equitable action to set aside a foreclosure sale, or an action for damages resulting from the sale, on the basis that the foreclosure was improper." *Sciarratta v. U.S. Bank Nat'l Assn.*, 247 Cal. App. 4th 552, 561 (2016). In California:

> The elements of a wrongful foreclosure cause of action are: (1) The trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.

*Citrus El Dorado, LLC v. Chicago Title Co.*, 32 Cal. App. 5th 943, 948 (2019). "Mere technical violations of the foreclosure process will not give rise to a tort claim; the foreclosure must have been entirely unauthorized on the facts of the case." *Sciarratta*, 247 Cal. App. 4th at 562 (cleaned up).

Plaintiff has failed to plead Plaintiff's prejudice. "To successfully challenge a foreclosure sale based on a procedural irregularity, the plaintiff must show both that there was a failure to comply with the procedural requirements for the foreclosure sale and that the irregularity prejudiced the plaintiff." *Citrus El Dorado, LLC v. Chicago Title Co.*, 32 Cal. App. 5th 943, 950 (2019). Plaintiff asserts Plaintiff "suffered prejudice or harm as a result of the wrongful foreclosure trustee sale," (Dkt. No. 1-1 ¶ 47), but has not pled any facts indicating how Plaintiff

10

1  Trust was prejudiced or harmed by any of the alleged violations.  *See Lee v. City of Los Angeles*,
2  250 F.3d 668, 679 (9th Cir. 2001) ("Conclusory allegations of law . . . are insufficient to defeat a
3  motion to dismiss.").  Plaintiff admits "[a]t the time of the Notice of Default, PLAINTIFF was
4  $8,998.04 delinquent" on the loan. (Dkt. No. 1-1 ¶ 17.)  Plaintiff fails to assert the foreclosure
5  would have been prevented if proper notice would have been given to Plaintiff.  *See Rockridge Tr.*
6  *v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1148 (N.D. Cal. 2013) (dismissing wrongful
7  foreclosure cause of action because "Plaintiffs have pled no facts indicating that the foreclosure
8  sale, which has already occurred, would have been averted but for the alleged deficiencies in the
9  foreclosure process").

10  Plaintiff also fails to allege Plaintiff Trust ever made an offer of tender or to explain why
11  tender is excused in this case.  *See Travis v. Amerihome Mortg. Co. LLC*, No. 23-CV-01267 ADA
12  (SAB), 2023 WL 8113520, at *9–10 (E.D. Cal. Nov. 22, 2023).  Plaintiff asserts, "PLAINTIFF is
13  excused from the tender requirement because of FMC DEFENDANT's violations of Civ.Code
14  §§2923.5, 2924(a)(1), 2934a(a)(1), 2924a(e) and 2924.9." (Dkt. No. 1-1 ¶ 48), but does not offer
15  any caselaw or citation for that assertion or explain why Defendant's alleged violations mean
16  Plaintiff was not required to offer tender.

17  So, Plaintiff's fifth cause of action for wrongful foreclosure is DISMISSED.

## VI. UNFAIR BUSINESS PRACTICES IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *ET SEQ.* (SIXTH CAUSE OF ACTION)

Plaintiff's sixth cause of action alleges a violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*  The UCL defines unfair competition as "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code, § 17200.  Because the statute "is written in the disjunctive, it establishes three varieties of unfair competition" and each is a basis for liability.  *Cel-Tech Comm'n, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (citation omitted).  Plaintiff alleges all three prongs under the UCL.  (Dkt. No. 1-1 ¶ 57.)

"To assert a UCL claim, a private plaintiff needs to have 'suffered injury in fact and . . . lost money or property as a result of the unfair competition.'"  *Rubio v. Cap. One Bank*, 613 F.3d

11

1195, 1203–04 (9th Cir. 2010) (quoting Cal. Bus. & Prof. Code § 17204). "This provision requires" Plaintiff to demonstrate a 'causal connection' between the alleged UCL violation and Plaintiff's injury in fact." *Id.* (quoting *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855 (2008).

Plaintiff has not properly alleged any causal connection between the alleged UCL violations and Plaintiff's injury-in-fact. Plaintiff pleads he "suffered an actual, pecuniary injury in the loss of the equity in the value of the Subject Property, and the costs of seeking a remedy for FMC DEFENDANT'S wrongful actions." (Dkt. No. 1-1 ¶ 62.) However, all of Plaintiff's alleged violations of the UCL occurred when Mr. Gieser, the individual person and not the Plaintiff Trust, owned the property. Plaintiff Trust has not explained how it was harmed by any of these alleged violations.

So, Plaintiff's UCL cause of action is DISMISSED.

## VII. CANCELLATION OF WRITTEN INSTRUMENTS, CAL. CIV. CODE § 3412 (SEVENTH CAUSE OF ACTION)

California Civil Code § 3412 provides: "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Cal. Civ. Code § 3412. "To prevail on a claim to cancel an instrument, a plaintiff must prove (1) the instrument is void or voidable due to, for example, fraud; and (2) there is a reasonable apprehension of serious injury including pecuniary loss or the prejudicial alteration of one's position." *U.S. Bank Nat'l Assn. v. Naifeh*, 1 Cal. App. 5th 767, 778 (2016), *as modified on denial of reh'g* (Aug. 17, 2016).

Plaintiff alleges the "purported substituted trustee Nestor Services, LLC failed to record a Substitution of Trustee with the Contra Costa Recorder's Office," and therefore violated California Civil Code § 2934a(a)(1). (Dkt. No. 1-1 ¶ 66.) Plaintiff asserts because Nestor Services, LLC, was improperly substituted as trustee, the "Notice of Default" and "Notice of Trustee's Sale" which were issued by Nestor Services, LLC are "void or void ab initio," and if they are "left outstanding, they may cause serious injury to Plaintiff" because they violate various provisions of the California's Homeowner Bill of Rights. (*Id.* ¶¶ 67-68.) So, Plaintiff seeks to

12

1   cancel both written instruments.

2        Defendant asks the Court to take judicial notice of a substitution of trustee recorded by the
3   Contra Costa Recorder Office on July 18, 2022, which substitutes "Nestor Trustee Services, LLC"
4   for "QUALITY LOAN SERVICE, CORP," the original trustee of the property. (Dkt. No. 12.)
5   The Court judicially notices this document as it is a public record. *See United States v. 14.02*
6   *Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) (at the motion to
7   dismiss stage, a court "may take judicial notice of matters of public record and consider them"
8   (cleaned up)); *Wurtzberger v. Resmae Mortg. Corp.*, No. 2:09-CV0-1718-GEB-DAD, 2010 WL
9   1779972, at *3 (E.D. Cal. Apr. 29, 2010) (taking judicial notice of a substitution of trustee). In
10  Plaintiff's response, Plaintiff asserts "[t]he fact of the matter is that" the Notice of Default was an
11  "illicit recording[]," but Plaintiff fails to explain how the Notice of Default was illicit or point to
12  any deficiencies in the Substitution of Trustee. (Dkt. No. 13 at 15.) Plaintiff's opposition does not
13  argue the Substitution of Trustee is incorrect or even mention the document at all. So, the record
14  shows Nestor Trustee Services was the "substituted trustee of the deed of trust" and therefore had
15  authority to foreclose on the property according to California Civil Code § 2924(a).

16        Further, even assuming Nestor LLC failed to record the Substitution of Trustee and
17  therefore violated § 2934a(a)(e), Plaintiff does not cite any caselaw or statute indicating such a
18  violation makes any subsequent notices void against Plaintiff. Section 2934a lists various ways a
19  trustee can be properly substituted. Cal. Civ. Code § 2934a. However, the statute does not
20  provide borrowers any specific remedies for its violation.

21        So, Plaintiff's seventh cause of action, cancellation of written instruments under California
22  Civil Code, is DISMISSED.

23  **VIII.   LEAVE TO AMEND**

24        Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so
25  requires." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). The
26  Court therefore gives Plaintiff leave to amend Plaintiff's complaint. Plaintiff shall file any
27  amended complaint on or before **March 13, 2024** provided an amended complaint can be filed
28  consistent with Federal Rules of Civil Procedure 11.

13

## IX. ORDER TO SHOW CAUSE

As discussed above, Plaintiff failed to appear at the scheduled oral argument for this motion (Dkt. No. 19), and again failed to reappear at the rescheduled time for the argument (Dkt. No. 20), both times without notice to the Court or defense counsel.  Accordingly,  Plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be dismissed for a failure to prosecute.  *See* Fed. R. Civ. Pro. 41.  And Plaintiff's counsel is ordered to show cause why he should not at least pay Defendant's fees incurred for appearing at the two hearings counsel failed to attend.  *See* Fed. R. Civ. Pro. 16(f).  The written responses to the Show Cause Order shall be filed by **March 13, 2024**.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is GRANTED.  Plaintiff's second cause of action, alleging a violation of California Civil Code § 2924(a)(1), is DIMISSED WITH PREJUDICE.  All other causes of action are DISMISSED WITH LEAVE TO AMEND.  Plaintiff's amended complaint, if any, shall be filed by **March 13, 2024**.  If no amended complaint is filed by that date, the action will be dismissed with prejudice.

Plaintiff and Plaintiff's counsel's responses to the Order to Show Cause is due **March 13, 2024.**  The initial case management conference scheduled for March 6, 2024 is vacated.

This order disposes of Dkt. No. 11.

**IT IS SO ORDERED.**

Dated: February 22, 2024

*Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States District Judge

14